UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Northeast Justice Center, LLC,<br><br>Plaintiff<br><br>v.<br><br>U.S. Citizenship & Immigration Services,<br><br>Defendant | Civil Action No. |

## COMPLAINT

Plaintiff Northeast Justice Center brings this action against Defendant U.S. Citizenship & Immigration Services to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefore, Plaintiff alleges as follows:

## PARTIES

1. Plaintiff Northeast Justice Center ("NJC" or "Plaintiff") is a civil legal aid organization that provides free civil legal assistance primarily to low-income, elderly and other vulnerable residents of Massachusetts.

2. NJC's principal office is located at 50 Island Street, Suite 203B, Lawrence MA 01840.

3. Defendant U.S. Citizenship & Immigration Services ("USCIS") is a component of the Department of Homeland Security ("DHS") and oversees lawful immigration to the United States. USCIS has possession, custody, and control of records to which Plaintiff seeks access.

## JURISDICTION AND VENUE

4. As the Northeast Justice Center has its principal place of business in the District of Massachusetts, this Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), and venue is proper in this District pursuant to 28 U.S.C. § 1391(e)(1).

## STATEMENT OF FACTS

5. On March 15, 2022, NJC submitted a FOIA request via USCIS's online portal, accessed through USCIS's website, www.uscis.gov/foia. NJC's FOIA request sought the production of all documents that compose the "Vital Records Program" of U.S. Citizenship and Immigration Services, as that term is defined in Code of Federal Regulations Title 36, Part 1223; and the most recent "inventory of essential records" created by U.S. Citizenship and Immigration Services, as that term is used in Annex F to Federal Continuity Directive 1.

6. By letter dated March 15, 2022, USCIS acknowledged receipt of NJC's FOIA request and assigned it the control number COW2022001385.

7. On March 16, 2022, Ethan Horowitz, the managing director of NJC, sent an email to Ms. Amy Bennet, a FOIA Public Liaison with the DHS Privacy Office regarding NJC's FOIA request. Mr. Horowitz offered to withdraw the FOIA request if DHS provided the documents informally via its proactive disclosure obligations.

8. By letter dated March 17, 2022 USCIS requested additional clarification of NJC's FOIA request. Specifically, USCIS requested that NJC "provide an inclusive time frame for the records" NJC was seeking on the Vital Records Program and that NJC "provide a more specific description of the records [NJC] may consider as composing the Vital Records Program". The letter further direct NJC to contact USCIS's FOIA Public Liaison, Jennifer Piateski and/or Government Information Specialist T. Allen Jaynes with this additional information.

9. On March 18, 2022, Mr. Horowitz emailed Mr. Jaynes providing the requested information including clarifying that the request sought "the document or documents created by the USCIS Chief Records Officer or his/her designee, that are currently in effect which provide USCIS staff with such 'guidance for identifying and managing vital records in accordance with DHS RIM policy and the FCD 1 and 2'" as mandated by Section V.E.5 of the U.S. Department of Homeland Security Instruction 141-01-001. Mr. Horowitz further attached a copy of the Department of Homeland Security Instruction 141-01-001 for Mr. Jaynes' reference. Mr. Horowitz requested that Mr. Jaynes notify Mr. Horowitz if any further clarification was needed.

10. On March 21, 2022, Ms. Bennet replied via email to Mr. Horowitz's March 16, 2022 email and informed him that she had reached out to USCIS's FOIA Office to see if they could offer any insight into records that may have already been posted in the USCIS Electronic Reading Room. Later that same day (March 21, 2022), Mr. Horowitz replied to Ms. Bennet via email and attached a copy of his March 18, 2022 email to Mr. Jaynes. On March 22, 2022, Ms. Bennet replied to Mr. Horowitz via email informing him that the USCIS's FOIA Office confirmed the records sought were not in the Electronic Reading Room and that USCIS had tasked the office most likely to have the records with searching for them. Ms. Bennet informed Mr. Horowitz that the USCIS FOIA Office would review any records located and would send any records that could be released as soon they were able.

11. As of the date of this Complaint, neither Mr. Horowitz nor NJC has received any further communication from Mr. Jaynes, Ms. Bennet, USCIS, or DHS regarding NJC's FOIA request.

12. As of the date of this Complaint, the Department of Homeland Security's Public Access Portal shows that the status of NJC's FOIA Request (Control Number: COW2022001385) is "Files Requested" with an estimated completion date of "05/06/2022".

13. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), USCIS was required to determine whether to comply with the FOIA request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.

14. As of the date of this Complaint, USCIS has failed to: (i) determine whether to comply with NJC's FOIA request; (ii) notify NJC of any such determination or the reasons therefor; (iii) advise NJC of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production. Thus, USCIS has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A).

15. Because USCIS has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## **COUNT 1 (VIOLATION OF FOIA, 5 U.S.C. § 552)**

16. Plaintiff realleges paragraphs 1 through 15 as if fully stated herein.

17. As detailed above, Plaintiff made its FOIA request in conformance with USCIS's own policies and USCIS has acknowledged receipt of said request.

18. Both Plaintiff's original FOIA request, made on March 15, 2022 and Plaintiff's modified request per Mr. Horowitz's email to Mr. Jaynes on March 18, 2022 described the records sought in sufficient detail to enable USCIS's personnel to locate them with a reasonable amount of effort per 6 C.F.R. § 5.3(b).

19. USCIS has unlawfully failed to determine, within the time limit set forth in 5 U.S.C. § 552(a)(6)(A), whether to comply with Plaintiff's FOIA request.

20. USCIS has unlawfully failed to make available the records sought by Plaintiff pursuant to 5 U.S.C. § 552.

21. Because USCIS has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

22. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform their conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) order Defendant to conduct searches for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

(2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption;

(3) assess against USCIS reasonable attorney fees and other litigation costs reasonably incurred in this case as provided for by 5 U.S.C. § 552(a)(4)(E)(i); and

(4) grant Plaintiff such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated: August 23, 2022 | Respectfully submitted,<br><br>/s/ *John W. Custer*<br><br>John W. Custer (Bar No. 705258)<br>Kevin M. Littman (Bar No. 643285)<br>**FOLEY & LARDNER LLP**<br>111 Huntington Avenue<br>Boston, Massachusetts 02199<br>617.342.4000<br>*jcuster@foley.com*<br>*klittman@foley.com*<br><br>Attorneys for Plaintiff |